**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

HARRY HAWKINS, JR.
REG. #03609-045                                                                                              PETITIONER

VS.                                              2:04CV00212 JLH/JTR

UNITED STATES PAROLE COMMISSION;
LISA SANDERS, Warden,
FCI, Forrest City, Arkansas                                                                          RESPONDENTS

**ORDER**

Pending before the Court in this § 2241 habeas case is Petitioner's "Motion for Miscellaneous Relief," in which he requests the Court to: (1) recall its December 17, 2004 Order; and (2) recuse. (Docket entry #8.) For the reasons stated below, this Motion will be denied.

On December 8, 2004, Petitioner, a parole violator, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 (docket entry #2), in which he argued, among other things, that Respondents had improperly refused to credit his "street time," *i.e.*, the time he spent on parole. *Id.* On December 17, 2004, the Court ordered service of the Petition and directed Respondents to file a responsive pleading, to include: (1) Petitioner's Judgment of Conviction; (2) any relevant documents demonstrating how the BOP calculated his sentence; (3) a response to Petitioner's argument that prison officials prevented him from exhausting administrative remedies; and (4) a discussion of whether the action should be barred by Petitioner's previous § 2241 habeas action in *Hawkins v. United States Parole Commission, et al.*, E.D. Ark. No. 2:03CV00107 WRW/JTR. (Docket entry #3.) On January 14, 2005, Respondents filed their Response. (Docket entry #9.) To date, the Court has made no ruling on the merits of Petitioner's habeas claims.

In the pending Motion, Petitioner takes issue with the way the Court characterized his claims in its December 17, 2004 Order, and argues that the Order somehow misconstrued or winnowed his claims. By way of relief, Petitioner requests that the December 17, 2004 Order be "recalled," and that a second Order issue that directs a Response to Petitioner's claims as he characterizes them. Petitioner misunderstands the purpose and effect of the Court's December 17, 2004 Order.

The Court's December 17, 2004, Order was issued pursuant to the Court's obligation to preliminarily review his Petition to determine whether service was appropriate. *See* Rule 4 of the Rules Governing § 2254 Cases. The December 17 Order did *not* adjudicate the merits of Petitioner's habeas claims nor alter the substance of those claims. While the Court ordered Respondents to address certain specific issues in their Response, this in no way reflects on the merits of Petitioner's claims. Thus, because there is no reason for the Court to "recall" its December 17 Order, Petitioner's request will be denied.

Second, Petitioner requests the Court to recuse based on the Court's December 17, 2004 Order. Petitioner essentially argues that the Court is somehow biased against him based on what he perceives to be a mischaracterization of his claims. Suffice it to way, there are no circumstances warranting the Court's disqualification, pursuant to 28 U.S.C. § 455. Therefore, Plaintiff's request will be denied.

IT IS THEREFORE ORDERED THAT Petitioner's Motion (docket entry #8) is DENIED.

Dated this 17th day of August, 2005.

                                                            UNITED STATES MAGISTRATE JUDGE